347 So.2d 225 (1977)
STATE of Louisiana
v.
Lemon Earl NORRIS.
No. 59198.
Supreme Court of Louisiana.
June 20, 1977.
*226 John Ford McWilliams, Jr., Bossier City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Eugene W. Bryson, Jr., Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Lemon Earl Norris was charged by two bills of information with the crime of simple burglary, a crime denounced by Article 62 of the Criminal Code, which prescribes a maximum penalty of nine years' imprisonment at hard labor. Defendant pled not guilty to each charge. As a result of these charges, the defendant filed a number of motions, including an application for bill of particulars, motion to suppress evidence and motion for preliminary examination. These motions were set for hearing on September 22, 1976.
On September 22, 1976 defendant withdrew his former plea of not guilty and pled guilty to attempted simple burglary on one of the charges. According to Article 27 of the Criminal Code a penalty of one-half the punishment authorized for the crime attempted is prescribed for an attempt.
Before accepting the guilty plea, the trial judge inquired of defendant if he understood that by entering the guilty plea he was waiving his right to trial by jury, his right against compulsory self-incrimination and the right to be confronted by the witnesses against him. The defendant replied affirmatively. The District Attorney made a statement of the facts and the defendant confirmed their correctness. The trial judge then inquired of the defendant if he was aware of the nature of the charge to which he was pleading and the maximum possible penalty therefor and whether his plea to attempted simple burglary was freely and voluntarily made. The defendant again replied affirmatively. The trial judge then accepted the plea and ordered that a presentence investigation be made by the Probation Department. The other simple burglary charge was nolle-prossed and defendant was remanded to jail to await sentence.
On November 8, 1976 the trial judge stated to the defendant that in imposing sentence he had examined defendant's background and considered the fact that defendant was involved in other burglaries. He then proceeded to sentence the defendant to be confined at hard labor for four and one-half years. At that time neither the defendant nor his counsel made any objection to the sentence.
However, on November 22, 1976, defendant's attorney orally moved for an appeal, which was submitted without argument and granted. Thereafter on January 13, 1977, defendant, through his attorney, filed an assignment of error in which he asserted he was not afforded an opportunity to offer explanations or contradict unfavorable material contained in the presentence investigation report relied upon by the trial judge. The unfavorable information in the report, according to defendant, caused him to receive a more severe sentence than would ordinarily be imposed upon a defendant in like situations. He therefore prayed that the judgment and sentence be reversed and set aside.
If this defense claim for relief were allowed, sentence would have to be set aside and the case remanded to the trial court for resentencing. At that time defendant would be given an opportunity to be apprised of the unfavorable information contained in the report and to present countervailing evidence.
Defendant's claim of error cannot be considered. No objection to the sentence was made by or for defendant at the time it was imposed. No opportunity was afforded *227 the trial judge to act upon the defense contention. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. It is sufficient that a party, at the time of the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor. La.Code Crim. Pro. art. 841. Insofar as this record is concerned, the trial judge was never made aware of the defendant's desire to learn the contents of the presentence investigation report. For all we know, if he had been, he may have disclosed the factual contents and conclusions of the report. La.Code Crim. Pro. art. 877.
In the absence of an objection at the time of sentencing, the issue presented here cannot be raised on this appeal. State v. Williams, 340 So.2d 1382 (La. 1977).
For the reasons assigned, the conviction and sentence are affirmed.