FORET, Judge.
Defendant, Rex H. Rogers, was charged with obscenity, a violation of LSA-R.S. 14:106(A)(1) [1] The defendant pleaded nolo contendere, and a pre-sentence investigation report was ordered by the trial judge. Subsequently, defendant was sentenced to one year in the parish jail. Defendant appeals and makes three assignments of error.
ASSIGNMENT OF ERROR NUMBER I
By this assignment, the defendant contends that the sentence of one year in the parish jail was excessive under the Louisiana Constitution. LSA-Const., Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans, 412 So.2d 580 (La.1982). However, the trial judge is given wide discretion in the imposition of sentences, and his decision should not be upset absent a manifest abuse of discretion. State v. Fergus, 418 So.2d 594 (La.1982).
Defendant complains that his sentence is excessive when compared to other sentences which have been handed down for similar offenses. We disagree. The decisions cited by the defendant were based on different crimes and different sets of circumstances. Thus, we do not find them analogous to the case at bar.
Defendant’s sentence was well within the lower range of sentences which might have been imposed[2]. Further, the incarceration is to take place not in the state penitentiary, but in the parish jail, without hard labor. Considering all the circumstances of this case, we find that the sentence imposed was not an abuse of the trial court’s broad discretion. This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER II
By this assignment, the defendant argues that the trial judge erred in his imposition of sentence because he did not properly follow the guidelines set forth in LSA-C.Cr.P. Article 894.1. We note at the outset that non-compliance with the statute does not automatically require that the sentence be set aside. When the record clearly justifies a sentence imposed, resentenc-ing is unnecessary. State v. Jett, 419 So.2d 844 (La.1982).
A look at the record indicates, however, that the trial judge did follow the guidelines set forth in Article 894.1. Before sentencing the defendant, the judge specifically mentioned several of the factors which led to his decision. First, a companion charge, public intimidation, was dismissed against the defendant. Second, the defendant was billed so as to exclude the ages of his victims, which would have increased his exposure to jail time[3].' Third, *176 the court noted that the defendant had two prior convictions, and that he had twice been brought back before the court to have his probation revoked. Thus, the judge felt that probation might not have worked in this particular case. Fourth, the defendant had a prior record involving juveniles. Fifth, the court had the benefit of a pre-sentence investigation report. Finally, the defendant’s attorney had an opportunity to comment on what he thought was the proper sentence. Considering the fact that the judge took all of these things into consideration, we feel that he properly followed the guidelines set forth under the Code of Criminal Procedure. This assignment is without merit.
ASSIGNMENT OF ERROR NUMBER III
By this assignment, the defendant claims that the trial court erred in not allowing the defendant’s attorney the opportunity to traverse the pre-sentence report. It is well settled that a defendant’s claim that he has not been afforded an opportunity to contradict unfavorable information contained in a pre-sentence investigation report cannot be asserted for the first time on appeal. State v. Norris, 347 So.2d 225 (La.1977). In the instant case, the trial judge was never made aware of the defendant’s desire to learn the contents of the pre-sentence investigation report because the defendant made no objection at the sentencing hearing. Therefore, this assignment of error is without merit.
DECREE
For the above mentioned reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.

. "§ 106. Obscenity
A. The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive."

. LSA-R.S. 14:106(G)(1) provides, in pertinent part:
"G. (1) On a first conviction, whoever commits the crime of obscenity shall be fined not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisoned, with or without hard labor, for not less than six months nor more than three years, or both.”

.LSA-R.S. 14:106(G)(4) provides:
"(4) When a violation of Paragraph (1), (2), or (3) of Subsection A of this Section is with or in the presence of an unmarried person under the age of seventeen years, the offender shall be fined not more than ten thousand dollars or shall be imprisoned, with or without hard labor, for not less than two years nor more than five years, without benefit of parole, probation, or suspension of sentence, or both.”