509 So.2d 438 (1987)
STATE of Louisiana
v.
Michael COATES (Two Cases).
Nos. KA 86 0765, KA 86 0766.
Court of Appeal of Louisiana, First Circuit.
March 4, 1987.
Rehearing Denied July 1, 1987.
Bryan Bush, Dist. Atty., Baton Rouge by Don Wall, Asst. Dist. Atty., for plaintiff-appellee.
Thomas E. Guilbeau, Lafayette, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
Defendant, Michael Wayne Coates, was charged in separate bills of information with two counts of armed robbery in violation of La.R.S. 14:64. He pled guilty as charged to both counts. Subsequently, he was sentenced on each count to serve a term of twenty years imprisonment at hard labor to run concurrently. These consolidated appeals followed.

FACTS
On February 6, 1984, Coates pled guilty before Judge Donovan Parker to two counts of armed robbery. His counsel of record at that time were Thomas Guilbeau, Ralph Tyson and Edselle Cunningham. During his Boykin examination, the defendant testified under oath that no "promises or inducements" were made to him to get him to plead guilty. Judge Parker ordered a presentence investigation and fixed sentencing for May 11, 1984.
On May 11, 1984, counsel for Coates failed to appear and sentencing was reassigned to May 15, 1984. On May 15, 1984, Thomas Guilbeau filed a written motion for a continuance of the sentencing, and sentencing was reassigned to June 22, 1984. On June 22, 1984, Coates was represented *439 by Guilbeau and Tyson, and the trial court ordered the sentencing continued to August 24, 1984. On August 24, 1984, Coates was represented by Guilbeau who moved for a continuance, which was granted until September 6, 1984. On September 6, 1984, Coates was present in court but was unrepresented. The trial court ordered the sentencing reassigned to September 11, 1984, with notice to Guilbeau.
On September 11, 1984, Guilbeau filed a formal motion on behalf of Coates to withdraw the guilty pleas. In this motion, it is alleged that at a plea bargain session on February 2, 1984, it was agreed by Judge Parker, assistant district attorney Mike Irwin and Guilbeau that if Coates pled guilty as charged he would only be sentenced by Judge Parker; that Coates, with the assurance of Guilbeau that Judge Parker would be the sentencing judge, pled guilty as charged on February 6, 1984; that Coates appeared for sentencing on August 24, 1984, and was advised that he would be sentenced by Judge Cleveland J. Marcel, Sr., who had been appointed to replace Judge Parker while Parker was on a leave of absence; that Guilbeau objected in chambers to Judge Marcel on the grounds that there was a plea bargain that Judge Parker alone would sentence Coates; that Guilbeau was then, for the first time, furnished the presentence investigation report and he requested a continuance to go over it with Coates; that Coates agreed to plead guilty only if he were sentenced by Judge Parker; and that sentencing by Judge Marcel was a violation of the plea bargain agreement and constituted a valid ground to withdraw the guilty pleas. Attached to the motion is an ex parte order authorizing the withdrawal of the pleas which is unsigned.
Apparently, also on September 11, 1984, Tyson, on behalf of Coates, filed a handwritten motion to continue the sentencing. This motion asserts a continuance was necessary because Coates wished to submit additional information to the court and had been hampered in presenting this information because of incarceration in Lafayette Parish. Attached to this motion is an order signed by Judge Marcel which continued the sentencing to October 19, 1984. The minute entry for September 11, 1984, shows Coates was represented in court by Guilbeau, Tyson and Ed Cunningham.
On October 19, 1984, the trial court reassigned the sentencing to October 22, 1984. On October 22, 1984, Coates appeared in court, before Judge Marcel, represented by Tyson. When asked by Judge Marcel if Coates was prepared for sentencing, Tyson requested a continuance for an "opportunity to controvert ... some information either in the pre-sentence report or otherwise." Tyson also pointed out that lead counsel in the case "could not be present today." Judge Marcel observed that he "personally continued this matter no less than about three or four times", that he personally gave a copy of the presentence investigation to Mr. Guilbeau over a month ago and that "the defendant has been given more than ample time." Judge Marcel denied the motion for the continuance, and Tyson objected and assigned error. Judge Marcel then sentenced Coates.
This appeal followed.[1]

VALIDITY OF GUILTY PLEAS WHEN SENTENCE IMPOSED BY A JUDGE OTHER THAN THAT AGREED TO IN A PLEA BARGAIN
Coates asserts the two following assignments of error: (1) that Judge Cleveland J. Marcel, Sr. erred in sentencing him, although Judge Marcel was aware that he had entered his guilty plea with the explicit *440 assurance that Judge Donovan W. Parker would serve as sentencing judge, and (2) that Judge Marcel erred in sentencing him based upon his knowingly and voluntarily pleading guilty to a different judge with the assurance that Judge Parker would sentence him, the result of which was to vitiate the knowing and voluntary nature of his guilty pleas previously entered before Judge Parker.
The issues raised in these assignments of error are not properly before us at this time. It is well settled that defense counsel must state the basis for his objection when making it and point out the specific error which the trial court is making. La.C.Cr.P. art. 841; State v. Williams, 374 So.2d 1215 (La.1979); State v. Brown, 481 So.2d 679 (La.App. 1st Cir. 1985), writ denied, 486 So.2d 747 (La.1986). The grounds of objection must be sufficiently brought to the attention of the trial court to allow him the opportunity to make the proper ruling and correct any claimed prejudice. State v. Harris, 414 So.2d 325 (La.1982); State v. Brown. A defendant is limited on appeal to grounds for objection articulated to the trial court. A new basis for objection, albeit meritorious, cannot be raised for the first time on appeal. State v. Clayton, 427 So.2d 827 (La.1983) (on rehearing); State v. Brown.
The facts of record show that at the sentencing there was no objection raised to Judge Marcel imposing sentence. Counsel only requested a continuance to controvert information adverse to the defendant and to allow lead counsel to be present at the sentencing. When the motion was denied, counsel objected to the denial of the continuance. Counsel did not request a hearing on the motion to withdraw the guilty plea, nor did he object to sentencing prior to a ruling thereon. It is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. Otherwise, it may be considered that the motion has been abandoned. Cf. State v. Wagster, 361 So.2d 849 (La.1978). Unlike a motion for new trial or for post-verdict judgment of acquittal, the law does not require disposition of a motion to withdraw a plea before sentencing. See La.C.Cr.P. art. 559. Compare La.C.Cr.P. arts. 821 and 853; State v. Magee, 496 So.2d 562 (La.App. 1st Cir.1986). Except as previously set forth, a trial judge is under no duty, and we will not judicially impose one, to search the record for undecided motions prior to sentencing, especially when the defendant has not requested a hearing on his motion and/or has not objected to sentencing because the motion was undecided.[2]
In State v. Cox, 369 So.2d 118 (La.1979), the Louisiana Supreme Court indicated that a literal reading of La.C.Cr.P. art. 841 (contemporaneous objection rule) indicated it did not require objection to be made to post-verdict errors. Prior to Cox, the contemporaneous objection rule was applied post-verdict to polling of a jury, State v. Gardette, 352 So.2d 212 (La.1977) and State v. Phillips, 337 So.2d 1157 (La.1976), a motion for a new trial, State v. Tallie, 337 So.2d 504 (La.1976), a presentence investigation, State v. Norris, 347 So.2d 225 (La.1977),[3] and excessive sentences, State v. Williams, 340 So.2d 1382 (La.1976) and State v. Williams, 322 So.2d 177 (La.1975) and their progeny. In Cox, the Court only expressly overruled the two Williams cases and their progeny; Gardette, Phillips, Norris and Tallie were not mentioned *441 or expressly overruled. Since Cox, it has been held that the contemporaneous objection rule is not applicable to the sentencing portion of the trial of a capital case. State v. Willie, 410 So.2d 1019 (La.1982); State v. Sonnier, 379 So.2d 1336 (La.1980). However, the contemporaneous objection rule has been applied to habitual offender proceedings. State v. Martin, 427 So.2d 1182 (La.1983); State v. Smith, 381 So.2d 825 (La.1980); State v. Nelson, 379 So.2d 1072 (La.1980).
As previously indicated, the purpose of the contemporaneous objection rule is to give the trial judge an opportunity to correct an incorrect procedure or ruling and eliminate prejudice to the defendant. This avoids remands and retrials. It also serves to delineate and/or limit issues which may be raised on appellate review. These are extremely salutary goals. In the absence of a contemporaneous objection rule, the plain error rule would be applicable. A defendant could, knowingly or otherwise, fail to timely raise an objection in a trial court (and, thus, possibly preclude the trial court from correcting the error and removing the prejudice) and, nevertheless, raise the issue on appellate review. If the objection was well founded and the error prejudicial, the sanction would be a time consuming and expensive remand. Such is not consistent with judicial economy. To avoid remands and retrials in this legal and factual posture, a trial court judge would have to be constantly alert for an error prejudicial to a defendant and, on his own motion, recognize the error and correct it.[4] Otherwise, if he does not recognize the error and/or if the error is not brought to his attention, no corrective action will be taken to avoid a retrial. This seems fundamentally unfair and inefficient. Accordingly, in view of the present state of the jurisprudence, we decline to limit the application of the contemporaneous objection rule only to pre-verdict situations (except as specifically required by Cox, Sonnier and Willie), and will apply it in the instant case.
Since the grounds argued on appeal by defendant's appellate counsel were not articulated to the sentencing judge at the time of objection, the grounds were not preserved for review on appeal. Therefore, we are limited in our review to an examination of the record for patent errors. La.C.Cr.P. art. 920(2). We have thoroughly inspected the pleadings and proceedings in the record on appeal, and our inspection has failed to reveal any patent errors unfavorable[5] to defendant.
Even if we agreed to address the merits of the defendant's claims, we would be unable to do so. Because no evidentiary hearing was held on the motion, the record is totally devoid of any evidence to support, or refute, the claims. In this posture, the proper procedure to raise the claims is in an application for post conviction relief, La.C.Cr.P. art. 924 et seq.[6] Cf. State v. Richards, 426 So.2d 1314 (La.1982).

DECREE
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING.
PER CURIAM.
Rehearing Denied.
Because the facts asserted in defendant's verified application for a rehearing raised serious questions about the validity of the plea agreement (if any) herein, this court ordered the state to respond to the application *442 and admit or deny the facts alleged. The response of the state, in essence, denied the allegations. As an appellate court, we do not have the authority of a trial court (court of original jurisdiction) to take evidence and initially determine facts; our function is to review the facts found by the trial court. In this posture, we cannot adjudicate at this time the serious questions raised by the facts asserted in the defendant's application. We can only review such facts, and the questions they may (or may not) raise, in a record made in the trial court. The proper way to commence this procedure is with an application for post conviction relief filed in the trial court. La.C.Cr.P. art. 924, et seq.
NOTES
[1] Coates was sentenced on October 22, 1984. Defendant's written motion for an appeal was filed on November 15, 1984. This court dismissed the appeal as untimely on January 31, 1985. La.C.Cr.P. art. 914. On April 21, 1986, Coates filed a pro se application for post conviction relief asserting he was entitled to an out-of-time appeal because his attorney did not timely file the motion for appeal and he did not waive his right to appeal. On April 29, 1986, the trial court ex parte granted an out-of-time appeal. On June 25, 1986, the trial court held a contradictory hearing on the application for post conviction relief; the case was argued and submitted without the taking of evidence; the trial court vacated the ex parte order for out-of-time appeal; and the trial court granted a new out-of-time appeal.
[2] Paragraph two of La.C.Cr.P. art. 841 provides that no objection is necessary to a trial court's adverse ruling on a written motion. This provision is inapplicable to the instant case. There was no ruling on the motion to withdraw the guilty pleas. The motion for the continuance was verbal and was not based on the failure to rule on the motion to withdraw the guilty plea.
[3] Norris has been cited favorably in State v. Boone, 364 So.2d 978 (La.1978), State v. Berain, 360 So.2d 822 (La.1978), State v. Summers, 461 So.2d 348 (La.App. 2nd Cir.1984), writ denied, 464 So.2d 1374 (La.1985), State v. Rogers, 445 So.2d 174 (La.App. 3rd Cir.1984), writ denied, 446 So.2d 1230 (La.1984), and State v. Dugas, 441 So.2d 824 (La.App. 3rd Cir.1983). In State ex rel. Graffagnino v. King, 436 So.2d 559, 566 (La.1983), the Court observed that irregularities or deficiencies in the presentence investigation will not be reviewed for the first time on appeal where the defendant fails to bring them to the attention of the trial court before or at the time of sentencing, citing Cox, but not La.C.Cr.P. art. 841.
[4] If the judge, on his own motion, recognizes errors prejudicial to the defendant, should he also recognize errors prejudicial to the State? How can a judge raise an evidentiary objection when he has not studied the evidence of the parties and researched the law in advance of trial?
[5] The trial court did not specify that the sentence was to be served without benefit of parole as required by La.R.S. 14:64. Since this is an error favorable to the defendant and the State did not appeal, we can take no action pursuant to La.C.Cr.P. arts. 882 and 920. State v. Fraser, 484 So.2d 122 (La.1986).
[6] In a second application for post conviction relief, an applicant must satisfy the requirements of La.C.Cr.P. art. 930.4(E).