PER CURIAM.
Henry Williams was indicted by the East Baton Rouge Parish Grand Jury for second degree murder, in violation of La.R.S. 14:30.1. He was tried by a jury, which convicted him of the responsive offense of manslaughter. The trial court imposed a sentence of fourteen years at hard labor, with credit for time served. Defendant appealed, alleging in his only assignment of error that the trial court imposed an excessive sentence.
As required by La.C.Cr.P. art. 881.1, defendant filed a motion to reconsider sentence; thus, the sentencing issue was preserved for appellate review. However, the record before this Court does not reflect a ruling on the motion. It is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. See State v. Wagster, 361 So.2d 849, 856 (La.1978). See also State v. Coates, 509 So.2d 438, 440 (La.App. 1st Cir.1987). Although defendant noted in his appellate brief that the motion was pending in the trial court as of the date the brief was filed, it was his responsibility to obtain a ruling on the motion and to cause the record to be supplemented with it. Any action on defendant’s appeal by this Court in its current procedural posture would be premature because, on reconsideration of the sentence, the trial court could grant defendant the relief he seeks.
Therefore, this matter is remanded to the trial court for supplementation of the record with the ruling on defendant’s motion to reconsider sentence. If there has been no disposition of the motion, the court should rule on it within thirty days of the date of this opinion. Defendant must move to relodge this appeal within sixty days of the date of the ruling on the motion to reconsider sentence or the date of this opinion, whichever is later.
REMANDED.