LABORDE, Judge.
Defendant, Ronald E. Dugas, was originally charged by bill of information with aggravated battery; however, the bill was *825 later amended to charge the defendant with second degree battery, a violation of LSA-R.S. 14:34.1. On February 7, 1983, the defendant entered a plea of no contest to the amended charge of second degree battery, and, on March 21,1983, he was sentenced to the maximum term of five years in the state penitentiary.
FACTS
On July 3, 1982, Gertrude McDaniel reported to Cameron Parish Sheriff’s Deputies that the defendant had, on three occasions that day, physically abused her by striking and slapping her in the face and body, and by grabbing her by the hair and beating her head against a car fender. The defendant was subsequently arrested at Holly Beach for aggravated battery. As a result of these beatings, the victim almost lost the sight in her left eye, and has trouble speaking, eating, and drinking due to nerve damage in her face. The defendant has a lengthy criminal record, including several felonies and several batteries upon women.
ASSIGNMENTS OF ERROR #’s 1 and 2
The defendant asserts that the trial court erred in sentencing him to an excessive sentence, and in not properly enumerating the reasons as required by LSA-C.Cr.P. art. 894.1.
First, defendant contends that the trial judge failed to follow the guidelines of art. 894.1 by “summarily denying” the defendant’s request to rebut or explain errors in the presentence report relative to his prior convictions. This contention has no merit since the record reflects that both defendant and his counsel were given the opportunity to explain the defendant’s record as is reflected by the following excerpt:
“THE COURT: Well, I tell you what; there are a number of charges filed against Mr. Dugas, but to give him a chance, the Court is going to select one or two which caught my attention. In 1969 you were charged with armed robbery in Lafayette Parish, which was reduced to simple robbery, and you received one year in the parish jail suspended.
MR. DUGAS: Can I explain why? My place of business, I was going to close it down, and my wife didn’t want to close down.
THE COURT: Wait, wait. No, I don’t want to hear the explanation of that charge. I just wanted to know, is that true? Did you receive a one year suspended sentence in Lafayette Parish for simple robbery?
MR. DUGAS: Simple theft.
THE COURT: For simple theft?
MR. DUGAS: Yes, sir. Misdemeanor.
THE COURT: Now, in Lafayette Parish in 1974 did you receive six months in the parish jail suspended for unauthorized use of a moveable?
MR. DUGAS: My own automobile. My wife called the law, and I pled guilty to it to keep it out of the court. Suspended sentence.
THE COURT: Did you in 1980 receive a five year sentence with four years suspended for burglary?
MR. DUGAS: State of Mississippi, yes, sir. Pleaded guilty to it.
THE COURT: The Court’s satisfied that the ... ,
MR. DUGAS: That only makes one felony.
THE COURT: You’re telling the Court you’ve only been convicted of one felony?
MR. DUGAS: Yes, sir; that’s it.
THE COURT: Well, the 1974 unauthorized use of a movable and a ’76 unauthorized use of a movable, both of those are usually felony counts if the movable is an automobile. I suppose that’s what it was.
MR. DUGAS: It was my own automobile both times, Your Honor, and my wife ... ex-wife called the police to have the car picked up, and she filed charges.
THE COURT: How about a 1977 conviction of aggravated battery in Lafayette?
MR. DUGAS: That was non processed (sic) by the state because the police officers dropped the charge.
*826 THE COURT: Why did you receive one year in the parish jail if it was nolle pressed?
MR. DUGAS: I didn’t receive a year. I waited a year in the parish jail to go to court. When I got to court they dropped it.
THE COURT: Anything else you want to say about your record, Mr. Dugas?
MR. DUGAS: Well, about all that’s on it is ... Well, I just can’t understand why the district attorney wants to come Out and say I’ve been ... all these things against me which is not true.
THE COURT: Anything else, Mr. Spruel?
MR. SPRUEL: I have nothing further, Your Honor. Transcript, pages 18-20.”
Since neither the defendant nor his counsel requested an evidentiary hearing and since an evidentiary hearing is not required in a sentencing hearing where the defendant is given an opportunity to traverse or explain the allegedly false information, we conclude that defendant was not denied his fundamental right of due process. State v. Parish, 429 So.2d 442 (La.1983).
Secondly, we find no merit to defendant’s contention that the sentence imposed was excessive. The record indicates that the sentence was imposed after the trial court reviewed defendant’s presentence investigation report. In fact, the trial judge made the report a part of the record.
“THE COURT: The Court’s going to order that this presentence investigation report be filed in the record, because the Court has used this as the factual basis for its sentencing. The Court doesn’t want to review the crime in question at great detail, but I will characterize the crime as a vicious and extended attack upon another human being. The absence of any weapon made the initial charge of aggravated battery inappropriate and illustrated the need for the crime of second degree battery, for which this man was charged, second degree battery being a battery with severe injuries to the victim, which was the case to Miss Gertrude McDaniel. Despite the defendant’s protest of having been a convicted felon only once, the record reflects no less than three felony convictions and a constant and repetitious violation of the peace and of the law, often involving attacks and violence upon other persons — notably female persons. The Court points out that this defendant is ineligible for probation, in view of his past felony convictions and is not a candidate for any leniency upon no mitigating factor in his background. And I feel that, under these particular circumstances, the maximum penalty which is provided for by law of five years will be adopted by this Court as this man’s sentence. Five years with the Department of Corrections.”
Our careful review of the record reveals no abuse of the trial court’s discretion in the sentencing of the defendant. The sentence imposed on this particular defendant does not shock our sense of justice. It is reasonable and just. State v. Parish, supra; State v. Campbell, 404 So.2d 1205 (La.1981).
ASSIGNMENT OF ERROR # 3
The defendant contends that the trial court erred in using the presentence investigation report as the factual basis for sentencing, in not allowing him access to the presentence investigation report prior to the sentencing hearing, and by not affording him a sufficient opportunity to rebut or explain prejudicial aspects of his criminal record contained in the report, thereby denying the defendant due process of law.
The defendant cites the case of State v. Walker, 416 So.2d 534 (La.1982) for the proposition that simply using the presen-tence investigation report as a factual basis for sentencing does not comply with the requirements of LSA-C.Cr.P. art. 894.1. In that case, the trial court imposed a sentence of imprisonment based upon the following language:
“Having reviewed the pre-sentence investigation report in light of Article 894.1 of our State Criminal Code of Procedure *827 and the information contained in that report about the defendant and about this offense, together with the fact that he has been adjudged an habitual offender, Court has determined that a lengthy sentence of confinement is in order.”
The Supreme Court held that this conclu-sory language was insufficient to satisfy article 894.1.
The instant case is distinguishable from Walker, supra, in that the defendant is incorrect in stating that the presentence investigation report formed the sole factual basis for the trial court’s imposition of sentence. It is clear from the trial record that the report was only one factor considered by the trial court in its decision; the trial judge also considered the violent and brutal character of the defendant’s conduct, the defendant’s multiple attacks upon women, and the absence of any of the mitigating factors listed in LSA-C.Cr.P. art. 894.1. Despite the trial judge’s comment that the report would serve as the “factual basis” of the sentence, it is clear that it was not the sole basis for his finding. Moreover, the trial judge did not, as in Walker, supra, merely state his reasons in a conclusory manner; instead, he set forth all the factors he had considered, in addition to the report.
This case may be analogized to State v. Douglas, 389 So.2d 1263 (La.1980), which states:
“In sentencing defendant, the trial judge stated for the record that he was imposing the harsh sentence because of defendant’s extensive criminal history which reflected an incorrigible and violent nature.1
Despite the brevity of his reasons, the trial judge adequately complied with the sentencing guidelines in C.Cr.P. art. 894.1, which requires the sentencing judge to “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” The purpose of the statute is to guide and assist the trial court in the exercise of its broad discretion regarding the imposition of a fair and proper sentence in a particular case by adapting the sentence to the offender as well as to the offense. State v. Jackson, 360 So.2d 842 (La.1978). Further, the articulation of factors considered in imposing sentence facilitates review by this court to assure that sentences imposed are not arbitrary or based on impermissible factors.2
In this case the sentencing judge has given more than a verbatim recitation of the language of the statute. He has cited the factual basis for his conclusion that the “apparently severe” sentence imposed in this case was appropriate. State v. Jones, 381 So.2d 416 (La.1980). Although the. sentencing judge did not enumerate each factor listed in art. 894.1, we accept the judge’s assertion that he based his very lengthy sentence on defendant’s pri- or criminal history and the violent manner in which defendant perpetrated the offense in question. Thus, while a more detailed recitation would have been more helpful, the record provides this court with an adequate basis for review and constitutes adequate compliance with C.Cr.P. art. 894.1.3” (Footnotes omitted).
Since the trial court judge clearly set forth sufficient reasons for sentence, it cannot be said that article 894.1 was not satisfied.
In the instant case the record is devoid of any objection or request that the defendant be allowed access to the presen-tence investigation report. It is well settled that, absent a timely request by the defendant, failure of the trial court to afford the defendant access to the presen-tence investigation report is not reversible error. State v. Boone, 364 So.2d 978 (La.1978), cert. denied, 444 U.S. 825, 100 S.Ct. 46, 62 L.Ed.2d 31 (1979); State v. Berain, 360 So.2d 822 (La.1978).
The transcript reflects that the defendant failed to object at the sentencing hearing to the extent to which he was allowed to explain away his criminal record. It is well settled that, absent objection at the time of sentencing, a claim that the defendant has not been afforded an opportunity to contradict unfavorable informa *828 tion contained in the presentence report cannot be asserted for the first time on appeal. State v. Norris, 347 So.2d 225 (La.1977).
For the above and foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.