NORRIS, Judge.
Defendant, Kenneth H. Summers, Jr., appeals as excessive a sentence of three years at hard labor imposed after a plea of guilty to a charge of felony theft, in violation of La.R.S. 14:67. We affirm.
Defendant was a sales representative working on commission for Wellsite Specialists, Inc., a supplier of oil field equipment. It is disputed whether the commission agreed to was 6 or 10 percent.[1] Defendant sold two “blow-out preventers” to B & C Well Service and was paid by check, in thé amount of $63,457 for the equipment. Summers deposited the entire sum into his business account at Louisiana Bank. When Wellsite demanded payment from Summers of $56,508 ($63,457 minus a 5% commission) he sent two checks to Well-site, both of which were dishonored by the drawee bank due to insufficient funds.
As a result of this incident defendant was charged by bill of information with theft of $56,508. On March 5, 1984 defendant entered a plea of guilty to the charge. He was sentenced to three years at hard labor. From that sentence defendant appeals, alleging three assignments of error. Defendant claims the trial court erred in imposing a sentence of three years at hard labor, in light of the particular circumstances of this case; that the sentence imposed is excessive; and, that the trial court failed to fully comply with La.C.Cr.P. Art. 894.1 in imposing this sentence upon the defendant.
ASSIGNMENTS OF ERROR NOS. 1 & 2
Defendant claims that the trial court erred in imposing a sentence of three years at hard labor in light of the particular circumstances of this case and that the sentence imposed violates Article I, § 20 of the Louisiana Constitution of 1974 because it is unduly harsh and excessive.
Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Although a sentence is within statutory limits it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983). Here, the defendant was exposed to a maximum sentence of ten years at hard labor and a maximum fine of $3,000. The actual sentence imposed is less than one third of the maximum possible sentence. Considering the amount stolen by the defendant, in excess of $50,000; the defendant’s prior record, a 1967 conviction for misuse of a credit card, for which he received a one year suspended sentence and probation, a 1974 charge for felony theft, which was dismissed with the stipulation that restitution be made, and charges of grand larceny and embezzlement in 1983, which charges were also dismissed; the sentence imposed herein is not excessive. It is not a manifest abuse of the sentencing judge’s discretion and does not shock our sense of jus *350 tice. State v. Bonanno, 384 So.2d 355 (La.1980).
Accordingly, these assignments of error have no merit.
ASSIGNMENT OF ERROR NO. 3
Defendant claims the sentencing judge failed to fully comply with La.C.Cr.P. Art. 894.1 in imposing sentence, particularly in his consideration of the mitigating circumstances contained therein.
In imposing sentence, the trial judge must comply with the mandatory requirements of La.C.Cr.P. Art. 894.1 and individualize the sentence by stating for the record the considerations taken into account and the factual bases therefor. State v. Jones, 381 So.2d 416 (La.1980). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The record reflects the sentencing judge conscientiously considered the factors enumerated in La.C.Cr.P. Art. 894.1 in imposing this sentence. The trial judge concluded that, while this was defendant’s first felony conviction, his prior criminal history made him an unsuitable candidate for probation since there was an undue risk that during the period of a suspended or probated sentence the defendant would commit another crime. Further, the sentencing judge concluded that in light of the large amount of money stolen, a lesser sentence than three years at hard labor would deprecate the seriousness of defendant’s crime.
In mitigation, the sentencing judge noted the defendant’s first felony offender status and his claim that there were additional commissions owed to him by the company.
We conclude that the record of the sentencing hearing reflects that the trial judge adequately complied with Article 894.1 in imposing this sentence.
We do note, however, defense counsel’s impassioned plea, both in brief and at oral argument, that he was unable to present to the judge evidence of certain mitigating circumstances prior to the imposition of sentence. Further, we note his claim that the pre-sentence investigation contained certain inaccuracies, and its failure to mention certain mitigating factors pertaining to defendant’s prior criminal history. Defense counsel blames these alleged deficiencies on an apparent lack of interest and diligence on behalf of the probation officer who prepared the PSI. Defense counsel also contends he made several serious and diligent efforts to meet with the sentencing judge to present this information, but was unable to do so until only a few minutes prior to the sentencing hearing.
Despite defense counsel’s brief and oral argument, the record is devoid of any objection to sentencing taking place, any request for a continuance, or any objection to the contents of the pre-sentence investigation. The transcript of the sentencing hearing reflects that the defendant was given ample opportunity to explain his criminal history and made corrections to certain information in the pre-sentence investigation relied upon by the sentencing judge. Absent objection at the time of sentencing, a claim that the defendant has not been afforded an opportunity to present to the sentencing judge mitigating evidence, or contradict unfavorable information contained in the presentence report cannot be asserted for the first time on appeal. Compare, State v. Norris, 347 So.2d 225 (La.1977); State v. Dugas, 441 So.2d 824 (La.App. 3d Cir.1983). These claims of counsel are completely outside the record. Had defendant felt he was being prejudiced, he should have moved for a continuance of the sentencing hearing or noted his objections in the record. Moreover, defendant could have filed in the record, prior to the sentencing hearing, the results of his own pre-sentence investigation for the judge’s consideration. Also, there was nothing, insofar as we can deter *351 mine, to have prevented defense counsel from offering the evidence of mitigation at the sentencing hearing.
Since defendant made no objection for the record in connection with these contentions, there is nothing for us to consider. State v. Dugas, supra.
We find the trial judge adequately complied with La.C.Cr.P. Art. 894.1 in imposing this sentence. This assignment of error lacks merit.
Accordingly, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant claimed at sentencing hearing that he possessed documents whereby Wellsite agreed to a 10% commission. However, all other information before the court indicated the commission was 5%. The lower court, however, accepted defendant’s version of the agreement for purposes of sentencing.