572 So.2d 250 (1990)
STATE of Louisiana
v.
Michael J. MATTHEWS.
No. 89 KA 2130.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
Writ Denied February 22, 1991.
*251 Donald Camouche, Dist. Atty., Donaldsonville, for State of La.
John B. Comish, Baton Rouge, for Michael J. Matthews.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
Michael J. Matthews was charged by multiple indictments with eighteen counts of forgery and seven counts of theft of $500.00 or more, violations of LSA-R.S. 14:72 and LSA-R.S. 14:67. Pursuant to a plea bargain agreement, defendant pled guilty to five counts of forgery and five counts of theft of $500.00 or more. After ordering and reviewing a pre-sentence investigation report on Mr. Matthews, the trial court sentenced defendant to terms of imprisonment totalling fifty years at hard labor. The court suspended six terms totalling thirty years, and placed defendant on fifteen years of active probation with several special conditions of probation. (The details of sentencing are set out more fully in the factual summary below.) Defendant appeals, urging the following assignments of error.
1. The trial court erred in the sentencing of Michael J. Matthews, in that the court failed to consider any mitigating factors, the sentence is clearly unconstitutional and excessive for the nature of the offense, the sentence is grossly out of proportion to the severity of the crime, and in that sentence was handed down without the judge having been provided with a thorough and complete pre-sentence investigation report which left the judge without vital information necessary for his consideration of sentencing.
2. The trial court erred in failing to suspend Matthews' sentences and in sentencing Matthews to consecutive rather than concurrent prison terms.
3. The trial court erred in precluding Matthews from forever practicing law, being employed in a non-attorney yet law-related field, and in precluding Matthews from acting as his own counsel as a condition of his future probation.
4. The trial court erred in sentencing the defendant to an excessive fifteen years probation inasmuch as the majority of restitution ordered had been prior to sentencing, defendant is a first offender and will not be in a position to recreate his crimes.
Assignment of error number four was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
Defendant was an attorney practicing in Ascension Parish whose work included handling many cases on a contingent fee basis. Over the course of approximately three years, between May of 1985, and February of 1988, he misappropriated substantial sums of money from numerous clients, ultimately causing some of them financial ruin. After being charged with multiple counts of forgery and theft of $500.00 or more, defendant pled guilty to five counts of forgery and five counts of theft of $500.00 or more.
Defendant was subsequently sentenced by the trial court as follows. On the first forgery conviction, defendant received a sentence of five years at hard labor. For the first conviction of theft of $500.00 or more, defendant also received five years at hard labor to run concurrently with the five year sentence imposed on the first forgery conviction. Defendant was further sentenced to serve two five-year terms of imprisonment at hard labor for the second forgery conviction and the second conviction of theft of $500.00 or more. These two sentences were to run concurrently with each other; however, they were imposed to run consecutively with the two sentences imposed on the first forgery and theft convictions. The trial court also ordered that defendant be confined for a period of five years at hard labor for each of the three remaining forgery convictions and, also, for each of the three remaining convictions for theft of $500.00 or more. However, the trial court then suspended all of the sentences imposed on the latter *252 three forgery convictions and on the latter three convictions for theft of $500.00 or more and placed defendant on active probation for a period of five years on each of these convictions. The probationary periods for the third, fourth and fifth forgery convictions were ordered to run concurrently with the probationary periods for the third, fourth and fifth convictions for theft of a value of $500.00 or more; however, each of the respective five-year periods of probation was imposed to run consecutively to the first two forgery convictions and the first two theft convictions.
The trial court also imposed the following special conditions of probation. First, the trial court ordered restitution to the victims of the crimes herein as follows. It ordered defendant to pay the following sums to the following persons: to Michelle Wagner, $12,500.00; to Danny and Roxanne LaPorte, $3,000.00; to Paula Nunez, $35,000.00; to Michael Delaune, $75,000.00, and, finally, to Odis Wagner, $10,000.00. A further condition of probation was that defendant refrain from participating in any aspect of the legal profession within the State of Louisiana, including the practice of law as an attorney; performing any services either as a paralegal, law clerk or research assistant; or working as an investigator in any legal matters either for himself or on behalf of anyone else. The trial court also affixed a $25.00 per month supervision fee payable to the Department of Corrections while defendant was on probation.

EXCESSIVE SENTENCE:
Through his first assignment of error, defendant claims that the sentences imposed were unconstitutional and excessive given the nature of the offense, grossly out of proportion to the severity of the crime, and handed down without the trial court's having been provided with a thorough and complete pre-sentence investigation report, leaving it without vital information necessary for the consideration of sentencing. Defendant further avers that the trial court erred in failing to consider any mitigating factors in his favor.
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence may be excessive either by reason of its length or because circumstances warrant a less onerous sentencing alternative. State v. Payne, 540 So.2d 520 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, 367 So.2d at 767. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. To determine whether or not a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate as to shock our sense of justice. The trial court is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by it should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Payne, 540 So.2d at 524.
A trial court's reasons in imposing sentence, as required by LSA-C.Cr.P. art. 894.1, are an important aid to this court when reviewing a sentence alleged to be excessive. State v. Payne, 540 So.2d at 524. The trial court need not recite the entire checklist found in LSA-C.Cr.P. art. 894.1; however, the record must reflect that the court adequately considered the guidelines. Even when the trial court has not complied with LSA-C.Cr.P. art. 894.1, this court need not remand the case for resentencing, unless the sentence imposed is apparently severe in relation to the particular offender or the offense committed. State v. Payne, 540 So.2d at 524.
Having pled guilty to five counts of forgery, defendant's maximum sentencing exposure on each forgery conviction was a fine of not more than $5,000.00 and a term of imprisonment, with or without hard labor, for not more than ten years, or both. *253 See LSA-R.S. 14:72. Further, having pled guilty to five counts of theft of $500.00 or more, defendant's maximum sentencing exposure on each theft conviction was imprisonment, with or without hard labor, for not more than ten years and a fine of not more than $3,000.00, or both. See LSA-R.S. 14:67. As indicated above, defendant was effectively sentenced to a ten-year term of imprisonment, fifteen years of active probation, and several special conditions of probation. (See above sentencing details.) However, defendant received only one half of the maximum permissible sentence on each count; thus, the sentences are not apparently severe.
The trial court noted that a lesser sentence would deprecate the seriousness of defendant's crimes. In its opinion, defendant's criminal conduct caused serious harm, not only to several victims, but also to the legal system itself. The trial court was of the opinion that defendant, because of his occupation as an attorney, certainly must have contemplated that his criminal conduct would cause serious harm. The trial court further noted that the pre-sentence investigation report (PSI) did not indicate that there were any factors of provocation which may have induced the commission of these crimes, other than the defendant's greed. The trial court could find absolutely no justification for defendant's actions, and it indicated that the defendant's attitude did not show that he was unlikely to commit another crime of a similar nature. Further, the trial court indicated, after its review of the PSI, that defendant was dilatory and uncooperative when requested to make a statement to the probation and parole officer from the Department of Corrections. In closing, the trial court indicated that it was aware that the sentence imposed was lengthy.
In his brief to this Court, defendant argues that the PSI was incomplete in that it did not contain out-of-state bank statements of defendant. Defendant further argued that the trial court, in sentencing him, failed to take into account his personal history. Defendant emphasized the following factors: he had made almost total restitution to the victims herein; he was a first offender; these were nonviolent crimes; he was gainfully employed; the sentences imposed would cause a hardship on his family; and the mitigating factors of voluntary submission to professional treatment and voluntary resignation from the bar were not taken into account by the trial court. Further, defendant argued that it was error for the trial court to take into account the harm done to "alleged victims" herein. Defendant went on to argue that the crimes herein are not uncommon and that it was improper to punish defendant for any collateral damage that may have been done to "the Bar." Defendant also emphasized the fact that he pled guilty herein and saved the state the expense of going to trial. Also, in his brief to this Court, defendant made a comparative analysis of the sentences handed down in cases involving other attorneys who have misappropriated funds from their clients. Defendant even cites a case wherein a judge from the parish in which he primarily practiced was involved in a mail fraud scheme. Defendant maintains that he has kept a good attitude throughout this ordeal and that he has removed himself from the temptation of his crimes, namely, that of practicing as an attorney. Finally, defendant submits that the requirements of restitution to the victims are incompatible with the prison sentences imposed herein.
First, the PSI herein is sufficient and complete. Further, there is little support in LSA-C.Cr.P. art. 894.1 for defendant's argument that the failure of a trial court to take into account a defendant's social history, by itself, can render a sentence excessive. Additionally, although defendant contends that almost total restitution has been made to the majority of the victims, the PSI contains statements by numerous victims indicating otherwise. No argument can be taken with defendant's assertions that these are his first offenses and these are nonviolent crimes; however, defendant's actions herein caused financial ruin for several citizens of Ascension Parish. Finally, although defendant argues that he removed himself from the temptation which induced him to commit *254 the crimes herein, nevertheless, he assigns as error and argues in his brief to this Court, at least by implication, that he desires to reenter the legal profession on a limited basis as soon as possible.
We find that the trial court more than adequately complied with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. Accordingly, the terms of imprisonment imposed herein were not excessive in relation to defendant or the offenses he committed.
However, we note patent sentencing error in regard to the terms of imprisonment imposed and the conditions of restitution to the various victims herein. The ordering of payment of restitution to a victim is not authorized unless the imposition or execution of sentence is suspended. See LSA-C.Cr.P. arts. 895 and 895.1; State v. Starks, 471 So.2d 1029 (La.App. 1st Cir. 1985). As noted above, the defendant received two consecutive five year terms of imprisonment which were not suspended. Therefore, the trial court could not impose restitution for these particular convictions (under bills of information numbers 3015 and 3016). Accordingly, those conditions of probation ordering the payment of restitution to Michelle Wagner in the amount of $12,500 and to Danny and Roxanne LaPorte in the amount of $3,000 are hereby vacated. Those conditions of probation ordering the payment of restitution to the other victims herein remain valid, since the defendant received suspended sentences and probation for those convictions (under bills of information numbers 3017, 3018, and 3019).

FAILURE TO SUSPEND SENTENCES AND IMPOSITION OF CONSECUTIVE RATHER THAN CONCURRENT SENTENCES:
Through his second assignment of error, defendant avers that the trial court erred in failing to suspend his sentence and in sentencing him to consecutive rather than concurrent prison terms. Defendant reiterates some of the arguments made under assignment of error number one and also asserts that the suspension of the terms of imprisonment imposed herein or the placing of defendant on probation should be given preference over confining him to custodial care. Defendant further argues that, in applying the factors enumerated in LSA-C. Cr.P. art. 894.1, it is apparent that the trial court failed to give due weight to the circumstances mitigating in favor of suspension of sentences or probation. Finally, defendant argues that concurrent, rather than consecutive, sentences are the usual rule for convictions arising out of a single course of criminal conduct where the offender has no previous criminal record and where there is no showing that public safety requires a longer sentence.
LSA-C.Cr.P. art. 894.1 states that, when there is an undue risk that the defendant will commit another crime during a period of a suspended sentence or probation, or if the defendant is in need of correctional treatment or a custodial environment best provided by commitment to an institution, or when a lesser sentence would deprecate the seriousness of the crime, the court should impose a sentence of imprisonment. See LSA-C.Cr.P. art. 894.1 A(1), (2), and (3). If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. LSA-C.Cr.P. art. 883. Consecutive sentences are not automatically considered excessive simply because they are imposed for convictions arising out of a single course of criminal conduct, since other factors should be considered in making this determination. State v. Lewis, 430 So.2d 1286, 1289 (La. App. 1st Cir.), writ denied, 435 So.2d 433 (La.1983). However, the imposition of consecutive sentences for convictions arising out of a single course of criminal conduct requires particular justification. State v. Lewis, 430 So.2d at 1289-1290.
There is ample justification in the record for the trial court's effectively sentencing defendant to two consecutive five year terms of imprisonment. Further, defendant's above arguments are misplaced, *255 for the trial court did suspend a total of thirty years of imprisonment and placed defendant on active probation for fifteen years. Finally, the ongoing nature of defendant's crimes showed that they were, in fact, a multiplicity of criminal acts. For these reasons, we find no abuse of discretion in the trial court's imposition of consecutive terms of incarceration. See State v. Lewis, 430 So.2d at 1290.
Accordingly, defendant's assignment of error is without merit.

PERMANENT DISBARMENT AND PRECLUSION OF SELF-REPRESENTATION:
In his third assignment of error, defendant contends that the trial court erred in precluding him from forever practicing law, being employed in a non-attorney, yet law-related field, and in precluding him from acting as his own counsel as a condition of his probation. Defendant contends that the trial court was without power or jurisdiction to impose such a limitation upon him as a condition of probation. Defendant further contends that the trial court impinged upon his right to counsel when, as a condition of probation, it precluded him from acting as his own counsel.
When a trial court places a defendant on probation, it may impose any specific conditions reasonably related to his rehabilitation. LSA-C.Cr.P. art. 895 A. However, all matters touching upon the discipline and disbarment of members of the bar shall be governed by Art. XV of the Articles of Incorporation of the Louisiana State Bar Association, as amended, and as approved by the Louisiana Supreme Court. Louisiana Supreme Court RulesRule XIX.[1] Furthermore, the Sixth Amendment to the United States Constitution provides that a defense shall be made for an accused and it grants him the right to make his own defense. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Initially, we note that, considering the nature of the instant offenses, those conditions of probation precluding defendant from the practice of law or employment in any legally-related field are reasonably related to his rehabilitation. See LSA-C. Cr.P. art. 895. However, while defendant voluntarily resigned from the bar, the trial court could not properly ban him from the practice of law, or employment in any legally-related field, for life. Instead, such conditions should be limited to the duration of defendant's probation. Furthermore, discipline, disbarment, and readmission to the practice of law are matters controlled by the Louisiana State Bar Association and the Louisiana Supreme Court. Therefore, the conditions of probation precluding defendant from practicing law or employment in any legally-related capacity are limited to the duration of his probation and shall not conflict with the authority of the Louisiana State Bar Association and/or the Louisiana Supreme Court to govern all matters relating to defendant's discipline or disbarment.
Finally, considering the defendant's constitutional right to self-representation, we find that the trial court erred in imposing the condition of probation preventing him from acting as his own counsel. Thus, this condition of probation is vacated.
Accordingly, the defendant's convictions are affirmed. The sentences are amended in that, as noted above, certain conditions of probation are vacated or modified. As amended, the sentences are also affirmed.
CONVICTIONS AFFIRMED. SENTENCES AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] This rule was amended effective April 1, 1990.