jyLeBLANC, Judge.
The defendant, Calvin Williams, was arrested for approximately eighty-six burglaries in East Baton Rouge Parish. In the instant bill of information (bill no. 5-90-72), the defendant was charged with four counts of simple burglary, in violation of LSA-R.S. 14:62. In six other bills of information (bill nos. 3-90-1341, 5-90-57, 7-90-2, 7-90-3, 7-90-4, and 2-91-1216), the defendant was charged with a total of nineteen counts of simple burglary of an inhabited dwelling and two counts of simple burglary. LSA-R.S. 14:62; 14:62.2. Initially, he pled not guilty. Thereafter, pursuant to a plea bargain agreement, the defendant pled guilty to the instant charges. At the same time, the defendant entered guilty pleas to all twenty-one of the charges contained in the other six bills of information. In exchange for these guilty pleas, the prosecutor agreed not to proceed with additional charges for the remaining burglaries. The defendant received the following sentences. For his convictions of three counts of simple burglary of an inhabited dwelling under bill no. 3-90-1341, the defendant received three concurrent sentences of twelve years at hard labor, including one year without benefit of parole, probation, or suspension of sentence. For his convictions of four counts of simple burglary of an inhabited dwelling under bill no. 5-90-57, the defendant received four concurrent sentences of twelve years at hard labor, including one year without benefit of parole, probation, or suspension of sentence. However, the trial court ordered these sentences to run consecutively to the sentences imposed under bill no. 3-90-1341. For his instant convictions of four counts of simple burglary under bill no. 5-90-72, the defendant received four concurrent sentences of five years at hard labor. For his convictions of two counts of simple burglary under bill no. 7-90-2, the defendant received two concurrent sentences of five years at hard labor. For his convictions of three counts of simple burglary of an inhabited dwelling under bill no. 7-90-3, the defendant received three concurrent sentences of twelve years at hard labor, including one year without benefit of parole, probation, or suspension of sentence. However, the trial court ordered these sentences to run consecutively to the sentences imposed under bill nos. 3-90-1341 and 5-90-57. For his convictions of three counts of simple burglary of an inhabited dwelling under bill no. 7-90-4, the defendant received three concurrent sentences of twelve years at hard labor, including one year without benefit of parole, probation, or suspension of sentence. However, the trial court ordered these sentences to run consecutively to the sentences imposed under bill nos. 3-90-1341, 135-90-57, and 7-90-3. Finally, for his convictions of six counts of simple burglary of an inhabited dwelling under bill no. 2-91-1216, the defendant received six concurrent sentences of twelve years at hard labor, including one year without benefit of parole, probation, or suspension of sentence. However, the trial court ordered these sentences to run *671 consecutively to the sentences imposed under bill nos. 3-90-1341, 5-90-57, 7-90-3, and 7-90-4. At the conclusion of sentencing, the trial court stated that the defendant received a total sentence of sixty years.
The defendant has appealed the instant convictions and sentences,[1] alleging two assignments of error, as follows:
1. The trial court erred in denying the defendant’s motion to suppress.
2. The trial court erred in imposing excessive sentences and in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
Assignment of error number 1 was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
Because there was no trial, and the defendant pled guilty to a total of twenty-five separate offenses in the same proceeding, the record contains little or no factual information about the instant offenses. According to the bill of information, the defendant burglarized Terry Leist Chiropractic Clinic on January 22, 1989 (Count 1); Dee’s Boutique on November 28, 1989 (Count 2); Sears on January 2, 1990 (Count 3); and Dollar General Store on January 2, 1990 (Count 4). According to the presentence investigation report (PSI), all four of these businesses were located in Baker, Louisiana. The defendant broke a back window of the Leist Chiropractic Clinic, resulting in approximately $200.00 damage. The defendant took approximately $6,000.00 worth of computer equipment in this burglary.
In the Sears burglary, the defendant took two camcorders totaling $2,500.00. In the Dollar General Store burglary, the defendant entered the store and scattered merchandise around the floor. However, he apparently did not take any items from the store.
Neither the record nor the PSI contained any information about the burglary of Dee’s Boutique.

jtASSIGNMENT OF ERROR NUMBER TWO:

In this assignment of error, the defendant contends that the trial court erred in imposing excessive sentences and in failing to comply with the sentencing guidelines of La. C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La. C.Cr.P. art. 894.1 (prior to its amendment by Act 22, Sec. 1, of 1991).[2] The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
The presentence investigation report indicated that the defendant was classified as a first felony offender. Before imposing sentence, the trial court noted this fact, but concluded that it should not mitigate in the defendant’s favor merely because it took so long to apprehend him and stop his crime wave. The court acknowledged the defendant’s statement that he was not guilty of all eighty-six burglaries and stated that he probably was correct. However, the court also indicated that it believed the defendant was *672 guilty of the twenty-five offenses to which he pled guilty “and in all likelihood, a good many more.” Finally, after observing that burglary of an inhabited dwelling was more than a taking of items of personal property since it was a taking of the victim’s privacy and security as well, the court stated that it considered such conduct “to be one of the more heinous offenses that can be committed by an individual.” In imposing these sentences, the trial court obviously concluded that the defendant was in need of correctional | treatment. Our review of the sentencing transcript indicates that the trial court adequately complied with the Article 894.1 guidelines.
For each of his instant convictions of simple burglary, the defendant was exposed to a maximum sentence of twelve years at hard labor and a maximum fine of $2,000.00. See LSA-R.S. 14:62. The defendant received four concurrent sentences of five years at hard labor, but no fines were imposed.
In his brief to this Court, the defendant states: “The court imposed terms of imprisonment at hard labor totalling sixty years. Taken as a whole, the sentences are excessive. The court failed to justify the apparently excessive sentences.” (Defendant’s brief p. 3).
This Court has stated that the maximum sentence may be imposed only in eases involving the most serious offenses and worst offenders. State v. Easley, 432 So.2d 910, 914 (La.App. 1st Cir.1983). The defendant received less than half the maximum sentence for each of his simple burglary convictions, all of which were imposed to run concurrently. While the defendant received concurrent, maximum sentences for each of his simple burglary of an inhabited dwelling convictions within each separate bill of information, the trial court imposed the simple burglary of an inhabited dwelling sentences to run consecutively in such a manner that the defendant received a total sentence of sixty years.
Initially, we note that, while the defendant technically was classified as a first felony offender, he certainly is the worst type of offender since he committed so many separate burglaries that his conduct was considered by the trial court to be a “crime wave.” At least one of the burglaries was the most serious type of offense (the simple burglary of an inhabited dwelling belonging to Tim O’Neal, which was addressed in State v. Williams, 93 KA 1420, 637 So.2d 1323), since it led to a direct confrontation between the defendant and the victim. An employee was terrified in another burglary (the simple burglary of Kiddie Junction, which was addressed in State v. Williams, 93 KA 1423, 637 So.2d 1323). As for the other offenses, while they were not the most serious when considered individually, they were the most serious in the sense that they were repeated over and over again by a defendant who had no regard for the victims’ personal property, privacy, or security.
Furthermore, the consecutive sentences which were imposed clearly were justified since the defendant posed an unusual risk to the safety of the public. See La.C.Cr.P. art. 883; State v. Ferguson, 540 So.2d 1116, 1123 (La.App. 1st Cir.1989); State v. Grimes, 527 So.2d 1079, 1082 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La.1988).
Finally, we note that the defendant significantly reduced his sentencing exposure by pleading guilty to only twenty-five offenses. See State v. Abiodun, 509 So.2d 821, 823 n. 1 (La.App. 1st Cir.1987).
Considering the circumstances of these offenses, the defendant’s favorable plea bargain agreement, and the reasons for sentencing given by the trial court, we conclude that the instant sentences are not excessive individually or as part of a total sentence of sixty years.
This assignment of error is meritless.
PATENT SENTENCING ERROR
We note the following patent sentencing error. Neither the minutes nor the sentencing transcript show that the trial court, in imposing these sentences, gave the defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.C.Cr.P. art. 880. Accordingly, we find patent sentencing error *673 and amend the sentences to reflect that the defendant is to be given credit for time served prior to the execution of his sentences. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentencing to reflect that the defendant is given credit for time served.
CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED AND REMANDED WITH ORDER.

. The defendant has separately appealed his other convictions and sentences. See State v. Williams, docket no. 93 KA 1421, 638 So.2d 665, and docket nos. 93 KA 1420 & 1423-6, 637 So.2d 1323, also decided this date.

. The defendant was sentenced on May 31, 1991, prior to the effective date of the new sentencing guidelines (January 1, 1992).