681 So.2d 1274 (1996)
STATE of Louisiana
v.
Richard MILSTEAD.
No. 95 KA 1983.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
*1275 E. Sue Bernie, Baton Rouge, for State of Louisiana.
Danny S. Gauthier, Baton Rouge, for Defendant-Appellant.
Before SHORTESS, LeBLANC and TANNER,[1] JJ.
SHORTESS, Judge.
The East Baton Rouge Parish District Attorney charged Richard Milstead (defendant) with one count of molestation of a juvenile. La. R.S. 14:81.2. He waived formal arraignment and pled guilty. The trial court sentenced him to five years imprisonment at hard labor with credit for time served. Defendant argues on appeal that the trial court erred by denying his motion to reconsider the sentence. He urges this court to reverse his sentence because the probation officer omitted relevant and mitigating information from the presentence investigation report ("PSI") and the trial court relied upon this defective PSI when imposing a sentence which exceeded the penalty range recommended by the sentencing guidelines.

BACKGROUND
The parties do not dispute the following facts contained in the record. Upon noticing her husband missing from their bed late at night, the victim's mother entered her daughter's bedroom and found her husband and her fourteen-year-old daughter, the victim, in a sexually suspicious setting. She confronted her husband, and eventually he confessed to indecent sexual fondling and touching the victim during a three-month period, between June and September 1994. The record establishes defendant also confessed this illegal sexual conduct with his stepdaughter to a social worker and later to police. As a result, *1276 he was arrested for aggravated incest. La. R.S. 14:78.1.
Defendant pled guilty to the lesser felony of molestation of a juvenile on March 15, 1995. The trial court held a Boykin hearing and determined he knowingly, intelligently, and freely waived his right to plead not guilty. The trial court accepted his guilty plea and ordered a PSI. The assigned parole officer completed the PSI and on May 17, 1995, defendant's counsel saw the PSI very briefly immediately before the sentencing hearing.[2] After finding defendant's position of supervision and authority was an aggravating circumstance, the court deviated from the sentencing guidelines which suggested a sentence of between two and four years and sentenced defendant to five years imprisonment at hard labor with credit for time served. In comparison, the statutory penalty is a $10,000.00 fine, or imprisonment with or without hard labor for a minimum of one year to a maximum of fifteen years, or both. La. R.S. 14:81.2(C).
Defendant timely filed a motion to reconsider sentence. He argued the PSI failed to include information from his psychologist, Dr. Pat Appleton, concerning his likelihood of being rehabilitated and other treatment information. The PSI also did not include statements from defendant's mother, Carole Spurlin, or his employer concerning defendant's family and employment circumstances. Appleton and Spurlin did sign affidavits which defendant attached to his motion to reconsider sentence. Nevertheless, the trial court denied his motion without a hearing or written reasons.
Defendant argues on appeal the trial court erred by imposing an excessive sentence which exceeded the range suggested by the sentencing guidelines and one based in part on a fatally defective PSI that omitted mitigating information in his favor. He asks this court to reverse his sentence and to grant him probation or alternatively, to remand the case, to allow him an opportunity to present the omitted information to the trial court.
The State argues defendant did not timely attempt to rebut the PSI since he did not object before the sentencing hearing, so he lost the right to object. It also asserts the PSI was not materially prejudicial since the trial court based its sentence primarily on defendant's position of authority or supervision over the victim.

LEGAL ANALYSIS

Assignment of Error No. 1
Defendant contends the PSI failed to comply with Code of Criminal Procedure article 875(A)(1), which reads in part:
In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education, and personal habits.

(Emphasis added.)
State v. Jones, 398 So.2d 1049, 1051-52 (La. 1981), noted the important elements of Code of Criminal Procedure article 894.1 a trial court should consider before imposing sentence are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. See also State v. McGhee, 469 So.2d 1051, 1053 (La.App. 2d Cir.1985); State v. Roberts, 541 So.2d 961, 967 (La.App. 2d Cir.1989). The information from defendant's psychologist, mother, and employer omitted from the PSI is direct evidence of defendant's "family situation," "economic and employment situation," and "personal habits." Article 875(A) requires a probation officer to inquire into these areas when making a PSI.
Here, the PSI includes sections entitled "Offender's Statement," "Complainant's Statement," and "Social History." In the Offender's Statement section, the parole officer opined defendant "showed no apparent remorse for committing this instant offense." The defendant's psychologist, Pat Appleton, *1277 is acknowledged, but the officer notes defendant's therapy sessions have "not been verified." In the Complainant's Statement section, it is noted the victim's mother said defendant showed no remorse and she was in favor of a jail sentence. The PSI also includes defendant's educational and employment histories, along with his present living arrangements, in the Social History section.
Defendant contends that had the parole officer interviewed Appleton, Spurlin, and defendant's employer, "he [would] have discovered that the defendant was a hard working and responsible employee, who was the main source of income of his family, including the victim." Defendant adds "[t]he parole officer would also have discovered that the defendant and his wife had voluntarily entered into counseling. The defendant voluntarily left the matrimonial domicile, where the victim lived, but still continued to support the family." Though the parole officer omitted the aforesaid factors, counsel supplied the court with defendant's mitigating circumstances when he filed his motion to reconsider sentence. We must assume the trial court reviewed the motion and considered the attached affidavits before denying the motion. This court remarked in State v. Matthews, 572 So.2d 250, 253 (La.App. 1st Cir.1990), writ denied, 575 So.2d 387 (La.1991), that "there is little support in LSA-C. Cr. P. art. 894.1 for [a] defendant's argument" that a sentence is excessive (i.e., fatally flawed) solely because a trial court failed to consider defendant's social history before sentencing.[3] This assignment of error is without merit.

Assignments of Error Nos. 2 and 3
Defendant argues the trial court's reliance on a prejudicial PSI, coupled with his lack of opportunity to address its insufficiency at a meaningful hearing, denied him due process of law.
A trial court considers the case's aggravating and mitigating factors before imposing a sentence but ultimately it can sentence a defendant on whichever ground(s) it believes most relevant. In other words, the trial court has much discretion in sentencing. State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237, 240; State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Williams, 93-1422 (La. App. 1st Cir. 5/20/94), 638 So.2d 669, 671. The trial court apparently considered the PSI when it imposed defendant's sentence since the record shows it referred to defendant's "statement to the probation department" at the sentencing hearing.[4] It found defendant's statement, his relationship as the victim's stepfather, and his position as a surrogate parent, to be the primary and most relevant factors warranting the court's deviation from the sentencing guidelines. It did consider the PSI but the aggravating factor of defendant's relationship with the victim was its primary concern. The extent of the trial court's reliance upon the PSI did not materially prejudice defendant.
Defendant's counsel argued he had only a very brief opportunity to review the PSI before the trial court imposed its sentence. Though defendant does not have an absolute right to demand the PSI, the trial court may, in its discretion, allow defendant to review it. La. C. Cr. P. art. 877(B). Moreover, defendant has a constitutional right to rebut a PSI if it is prejudicial to his case. State v. Greer, 572 So.2d 1166, 1170 (La.App. 1st Cir.1990), citing State v. Telsee, 388 So.2d 747, 750 (La.1980). He must request this right or else it is waived. Id.; State v. Washington, 414 So.2d 313, 316 (La. 1982). His request must be timely. State v. Coleman, 574 So.2d 477, 481 (La.App. 2d Cir.1991).
The State argues defendant failed to timely exercise his right to rebut the PSI. The *1278 record lacks evidence showing defendant requested a hearing or offered any mitigating evidence before sentencing. However, defendant's argument poses an interesting question: whether timely, in all cases, means at the time of sentencing where a defense counsel often may have only a few minutes to review the PSI or only after the defendant has a reasonable opportunity to discover the PSI's incompleteness? The State brief opines timely means before the "court's imposition of sentence." State v. Coleman, 574 So.2d at 481, supports that contention. See also State v. Johnson, 602 So.2d 310, 313 (La.App. 1st Cir.1992). The Coleman court opined defense counsel must make a timely request for access to the PSI (to refute adverse allegations and statements in the PSI) prior to sentencing and must make some showing the PSI, or other information upon which a trial court relies, contains or consists of materially false or misleading information prejudicial to the defendant. It cites the following cases in support of this view: State v. Ray, 423 So.2d 1116 (La.1982); State v. Bindom, 410 So.2d 749 (La.1982); State v. Berain, 360 So.2d 822 (La.1978); State v. Davis, 528 So.2d 615 (La.App. 2d Cir.), writ denied, 531 So.2d 472 (La.1988) and 542 So.2d 4 (La.1989). In short, 1) a PSI must contain false or misleading information and 2) defendant must orally object, request a hearing, motion to traverse, or offer countervailing information before or during the sentencing hearing before an appeal court can review the effects of a PSI upon a defendant's sentence. However, case law specifically addressing the converse situations, where the PSI omits relevant mitigating information, is sparse.
Our research revealed that State v. Summers, 461 So.2d 348, 350 (La.App. 2d Cir. 1984), writ denied, 464 So.2d 1374 (La.1985), may be one of the only other cases to date, where a defendant alleged his sentence was defective based in part on an incomplete PSI. The PSI did not mention certain mitigating factors about defendant's criminal history, a deficiency Summers alleged was caused by "an apparent lack of interest and diligence on behalf of the probation officer who prepared the PSI." Summers maintained his counsel attempted to meet with the sentencing judge to present these mitigating factors but was unable to do so until only minutes before the sentencing hearing. He claimed the prejudicial PSI directly affected his sentence, but unlike the present case where we have assumed defendant's counsel was unaware of the PSI's incompleteness before sentencing, Summers' counsel was aware of the PSI's "deficiencies." Although he claimed he was not able to present the mitigating evidence to the court, the Summers court found no evidence in that record that defendant had objected to the PSI, moved for a continuance, or filed mitigating evidence into the record for the judge's consideration before or at the sentencing hearing.
Defendant's brief cites State v. Cottingin, 476 So.2d 1184 (La.App. 3d Cir.1985), which found that when a trial court gives defendant a copy of the PSI before the sentencing hearing, it affords an opportunity to rebut it, and defendant fails to complain, the defendant loses the right to complain on appeal. See also State v. Summers, 461 So.2d at 350; State v. Johnson, 602 So.2d at 313. In this case, defendant did not receive a copy of the PSI but reviewed it briefly, without objection, prior to the sentencing hearing. Fundamental fairness may require an appellate court to remand a case if defense counsel lacked a reasonable opportunity to discover a PSI's incompleteness and failed to object prior to the sentencing hearing, where such incompleteness would materially affect the sentence, and where the court never became aware of it. We do not find that factor present here. The trial court was made aware of the omitted mitigating information in defendant's motion to reconsider sentence. In considering the merits of defendant's motion, the trial court apparently believed the attached Appleton and Spurlin affidavits should not affect defendant's sentence. Again, the trial court can base its sentence on factors it deems most relevant. These assignments of error are without merit.

Assignment of Error No. 4
Defendant argues his five-year sentence is excessive. Defendant's five-year sentence falls within the statutory penalty range of one to fifteen years. La. R.S. 14:81.2(C). A trial court should give weight *1279 to Code of Criminal Procedure article 894.1(B)'s guidelines when sentencing and must state for the record the considerations taken into account and the factual basis for the sentence imposed. La. C. Cr. P. art. 894.1(B) and (C). The judge is not required to list every aggravating or mitigating factor as long as the record shows ample considerations of the guidelines.[5]State v. Smith, 93-0402, 639 So.2d at 240. Article 894.1's goal is to require an adequate factual foundation for the sentence, not to force a rigid or mechanical recitation of the factors. Thus, even without full compliance with article 894.1, remand is unnecessary when the record clearly reflects an adequate basis for the sentence. State v. Lanclos, 419 So.2d 475, 478 (La.1982); State v. Greer, 572 So.2d 1166, 1171 (La.App. 1st Cir.1990); State v. Roberts, 541 So.2d 961, 967 (La.App. 2d Cir.1989).
The record in this case reflects the trial court considered article 894.1's sentencing guidelines and enumerated for the record some factual basis for imposing sentence. It clearly rejected the guidelines. Therefore, pursuant to State v. Smith, 93-0402 (La.7/5/94), 639 So.2d 237, our review is limited to the issue whether the sentence is constitutionally excessive. The trial court also has great discretion in imposing sentence within the statutory limits. We may not set aside the sentence for excessiveness if the record supports the sentence imposed, La. C. Cr. P. 881.4(D), or unless the trial court clearly abused its discretion, Lobato, 603 So.2d at 751; State v. Williams, 93-1422 (La.App. 1st Cir. 5/20/94), 638 So.2d 669, 671.
A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. It is disproportionate if it shocks our sense of justice when considering the crime and punishment in light of the harm to society. Lobato, 603 So.2d at 751. Louisiana's Constitution, article I, § 20, prohibits such an excessive sentence. Nonetheless, the Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762, 767 (La. 1979), held that although a sentence may be within statutory limits, a sentence may still be excessive.
We are unable to find abuse of discretion in the trial court's sentence. It is not grossly disproportionate to the crime's severity when considered in light of the past and future emotional and psychological harm to the fourteen-year-old victim and the future financial costs to society. The legislature has attached to molestation of a juvenile over whom the offender has control or supervision a heavier penalty than to any form of carnal knowledge, La. R.S. 14:80, or indecent behavior with a juvenile, La. R.S. 14:81. This indicates a legislative decision that violation of the sacred trust of parenthood, custody or control can be more offensive than conduct committed with a youthful stranger. State v. Roberts, 541 So.2d 961, 968 (La.App. 2d Cir. 1989). The maximum length of incarceration for molesting a juvenile over whom the offender has supervision or control is fifteen years. Defendant's sentence is five years. It is not so disproportionate as to shock our sense of justice. We also note defendant was allowed to plead to a lesser offense. Accordingly, we find no merit in defendant's claim that his sentence is excessive.

CONCLUSION
The parole officer should have interviewed defendant's psychologist, his mother, and his employer. Information from these parties is the type required to be included in a meaningful PSI according to article 875(A). Though the PSI was deficient, defendant's counsel made the court aware of the omitted information when he filed his motion to reconsider sentence. By denying his motion, the trial court obviously felt its sentence should not be altered. The Louisiana jurisprudence has consistently declared the trial court is vested with much discretion in sentencing. We find no error and affirm defendant's sentence.
SENTENCE AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Defense counsel admitted during oral argument he reviewed the PSI briefly before the sentencing hearing.
[3] Like the present defendant, the Matthews defendant argued that since the PSI omitted personal mitigating circumstances, the trial court did not consider these circumstances when imposing sentence. Two of the seven factors he cited included: 1) hardship on his family caused by the sentence imposed and 2) his voluntary submission to professional treatment. Nevertheless, we held in that case that these PSI omissions, without more, would not necessarily render a sentence excessive.
[4] Defendant's statement that he wanted "to get on with [his] life and start over" indicated to the trial court he failed to understand the seriousness of the offense or the degree of harm inflicted upon the victim.
[5] Through Acts 1995, No. 942, § 3, effective August 15, 1995, the Louisiana Legislature repealed the former felony sentencing guidelines enacted by Revised Statute 15:325-329 and amended Code of Criminal Procedure article 894.1.